IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTRAY L. BROWN,

     *Plaintiff*,

     v.

UNIFIRST CORPORATION,

     *Defendant*

Civil No.: 1:25-cv-02200-JRR

## MEMORANDUM OPINION

Pending before the court is Defendant's Motion to Stay Proceedings and Compel Arbitration in Lieu of Responding to the Complaint.  (ECF No. 7, the "Motion.")  No hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  Plaintiff did not respond to the Motion; therefore, she concedes the assertions and arguments set forth therein.  Nonetheless, the court evaluates the merit of the Motion in accordance with applicable law.

## I.    BACKGROUND

In her Complaint (ECF No. 2), *pro se* Plaintiff Brown sues Defendant Unifirst Corporation ("Unifirst") alleging sex-based discrimination, retaliation, and related torts in connection with the separation from her employment with Unifirst – all in violation of Title II of the Civil Rights Act of 1964.[1]  Plaintiff alleges her employment with Unifirst began in April 2024, when she was "hired as a Class A CDL Driver."  (ECF No. 2 at p. 1.)  Through its Motion, Unifirst asserts Plaintiff's claims are subject to final and binding arbitration because the parties entered a Mutual Arbitration Agreement (the "Agreement") on April 22, 2024, when Plaintiff began her employment with Defendant.  (ECF No. 7-1 at p. 2.)  Defendant attaches the Agreement as Exhibit 1 to the Motion.

---

[1] Plaintiff originally brought this action in the Circuit Court for Baltimore County.  Defendant subsequently removed the action to this court.  (ECF No. 1.)

(ECF No. 7-2.)  The Motion requests the court refer this action to arbitration consistent with the Agreement and stay this case in its entirety pending resolution of Plaintiff's claims through arbitration.  (ECF No. 7.)

## II.    **APPLICABLE LAW**

"Arbitration is a matter of contract.  The Federal Arbitration Act (FAA) . . . provides that arbitration contracts are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Mey v. DIRECTV, LLC*, 971 F.3d 284, 288 (4th Cir. 2020) (quoting 9 U.S.C. § 2).  When a party who has agreed to arbitrate a dispute instead brings a lawsuit, the Federal Arbitration Act (FAA) entitles the defendant to file an application to stay the litigation."  *Morgan v. Sundance, Inc.*, 596 U.S. 411, 413 (2022).

As the United States Supreme Court recently explained:

> The FAA was enacted in response to judicial hostility to arbitration. Section 2 of the statute makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As we have interpreted it, this provision contains two clauses: An enforcement mandate, which renders agreements to arbitrate enforceable as a matter of federal law, and a saving clause, which permits invalidation of arbitration clauses on grounds applicable to "any contract."

*Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 649–50, *reh'g denied,* 143 S. Ct. 60 (2022) (footnote omitted).  Thus, "[a]rbitration is a matter of contract,"  *see Mey v. DIRECTV, LLC*, 971 F.3d 284, 288 (4th Cir. 2020) (quoting 9 U.S.C. § 2), and "[a]greements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration."  *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001).

Sections 3 and 4 of the FAA "provide[] two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). "[A] litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction . . . to interstate or foreign commerce, and (4) the failure . . . of the [opposing party] to arbitrate the dispute.'" *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 346–47 (D. Md. 2015) (citation omitted); *see Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991) (citing *Moses H. Cone,* 460 U.S. at 25–26 & n. 34) (same).

Accordingly, "when parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, the FAA requires federal courts to stay judicial proceedings, and compel arbitration in accordance with the agreement's terms." *Murray v. UFCW Int'l, Local 400*, 289 F.3d 297, 301 (4th Cir. 2002) (citing 9 U.S.C. §§ 3, 4); *see Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

Section 4 of the FAA "reserves for trial the question of whether an arbitration agreement has been made, provided that a question of fact as to that issue is properly generated." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 548 (D. Md. 2019); *see* 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."). "In order to generate an issue for resolution by a factfinder, the party opposing arbitration must make 'an unequivocal denial that the agreement [to arbitrate] had been made,' and must produce

'some evidence . . . to substantiate the denial.'" *Id.* (quoting *Drews Distributing, Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 352 n.3 (4th Cir. 2001)). "To decide whether 'sufficient facts' support a party's denial of an agreement to arbitrate, the district court is obliged to employ a standard such as the summary judgment test." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019). Thus, the court may "consider materials other than the complaint and its supporting documents," and, where "the record reveals a genuine dispute of material fact," must conduct a trial on the motion to compel arbitration. *Id.* "[A] defendant who seeks to compel arbitration under the Federal Arbitration Act bears the burden of establishing the existence of a binding contract to arbitrate the dispute." *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 456 (4th Cir. 2017).

## III.    ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction does not absolve Plaintiff from pleading a plausible claim, however, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Arbitration Agreement

Defendant avers that all disputes raised in this action are subject to the Agreement. Plaintiff, having failed to respond to the Motion, raises no objection or challenge as to its authenticity or, importantly, that she executed the Agreement on April 22, 2024 (as reflected at the last page of the Agreement). (ECF No. 7-2 at p. 6.)[2] Therefore, it is undisputed that the Agreement exists and that she entered it upon her employment with Defendant.

The Agreement provides in relevant part that "all legal disputes and claims . . . shall be determined exclusively by final and binding arbitration . . . . Claims subject to this Agreement include without limitation . . . all claims pertaining to [Plaintiff's] employment . . . and any and all claims for discrimination, harassment, hostile work environment, or retaliation . . . ." (ECF No. 7-2 at ¶ 1.) It is also undisputed that, by letter of July 10, 2025, Defendant advised Plaintiff that her claims set forth in the Complaint are subject to arbitration, requested that she consent to the relief requested in the Motion, and attached a copy of the Agreement for her consideration. (ECF No. 7-3.) Defendant avers Plaintiff did not respond. (ECF No. 7-1 at p. 2.)

As said earlier, due to her election not to respond to the Motion, Plaintiff does not dispute the existence of a binding contract to arbitrate her claims, or that all four elements of the *Roach* and *Whiteside* test are satisfied. And indeed, the court is well satisfied of same. *See Roach*, 165 F. Supp. 3d at 346–47 and *Whiteside*, 940 F.2d at 102, *supra*.

### B. Stay of Proceedings

Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

---

[2] Page references refer to CM/ECF pagination.

agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  The Supreme Court recently held that the structure and purpose of the FAA compel district courts to stay proceedings when a valid arbitration agreement applies.  *Smith v. Spizzirri*, 601 U.S. 472, 476–477 (2024) ("When § 3 says that a court "shall . . . stay" the proceeding, the court must do so.").

IV.     **CONCLUSION**

For the reasons set forth herein, by separate order, the Motion will be granted.

March 7, 2026                                                      /S/

_____
Julie R. Rubin
United States District Judge

6